UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO:  6:17-CR-00025-KNM |
| | ) | |
| Plaintiff, | ) | CRIMINAL |
| | ) | |
| vs. | ) | Tyler, Texas |
| | ) | |
| HENRY PHILLIP JACKSON, | ) | Tuesday, September 12, 2017 |
| | ) | |
| Defendant. | ) | (2:10 p.m. to 2:24 p.m.) |


SENTENCING

BEFORE THE HONORABLE K. NICOLE MITCHELL,
UNITED STATES MAGISTRATE JUDGE


<u>APPEARANCES</u>:

For Plaintiff:              FRANK COAN, ESQ.
                           Assistant United States Attorney
                           110 N. College
                           Suite 700
                           Tyler, TX 75702

For Defendant:             MICHAEL P. HEISKELL, ESQ.
                           Johnson Vaughn & Heiskell
                           5601 Bridge Street
                           Fort Worth, TX 76112

Deputy Clerk/ECRO:         Lisa Hardwick

U.S. Probation:            Keith Wallace

Transcribed by:            Exceptional Reporting Services, Inc.
                           P.O. Box 18668
                           Corpus Christi, TX 78480-8668
                           361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1      **Tyler, Texas; Tuesday, September 12, 2017; 2:10 p.m.**

2                   **Call to Order**

3      **THE CLERK:**  The Court calls Criminal Action

4 6:17-cr-00025, *United States of America versus Henry Phillip*

5 *Jackson*.

6      **THE COURT:**  Announcements?

7      **MR. COAN:**  Your Honor, good afternoon.  Frank Coan

8 for the United States.  The Government is ready to proceed with

9 sentencing this afternoon.

10      **THE COURT:**  Good afternoon.

11      **MR. HEISKELL:**  Good afternoon, your Honor.  Michael

12 Heiskell for Mr. Jackson.  We're ready.

13      **THE COURT:**  Good afternoon.  All right.  Mr. Jackson,

14 we're here today for sentencing.  On May 16, 2017, you entered

15 a plea of guilty to Counts One through Four of an Information

16 charging you with willful failure to file income tax returns, a

17 Class A misdemeanor, in violation of Title 26 United States

18 Code Section 7203.  Are you-all ready to proceed with

19 sentencing, Mr. Jackson?

20      **THE DEFENDANT:**  Yes, your Honor.

21      **THE COURT:**  All right.  Mr. Coan, you're ready as

22 well?

23      **MR. COAN:**  Yes, your Honor.

24      **THE COURT:**  All right.  The Court has received and

25 reviewed the final Presentence Investigation Report.

1    Mr. Jackson, have you received the final Presentence

2    Investigation Report and had time to review it?

3              **THE DEFENDANT:**  Yes, your Honor.

4              **THE COURT:**  Are there any errors of fact or omissions

5    in this final report?

6              **THE DEFENDANT:**  Not that I recall, your Honor.

7              **THE COURT:**  Okay.  Does the Government have any

8    objections to the final presentence report?

9              **MR. COAN:**  No, your Honor.

10             **THE COURT:**  All right.  Then I've considered the

11   Probation officer's report and I hereby adopt the presentence

12   report findings in this case in their entirety.  Further, I

13   accept the plea agreement made in the case pursuant to Federal

14   Rule of Criminal Procedure 11(c)(1)(C).

15             Mr. Coan, are there any victims in the case that

16   would like to make a statement?

17             **MR. COAN:**  No, your Honor.

18             **THE COURT:**  Okay.

19             **MR. COAN:**  Thank you.

20             **THE COURT:**  Mr. Jackson, I've received and reviewed

21   the sentencing memorandum filed on your behalf as well as the

22   letters attached to that memorandum.

23             You have the right to address the Court before I

24   pronounce sentence.  Do you wish to make a statement, or do you

25   wish to have your lawyer make a statement for you?

1          **MR. HEISKELL:**  Your Honor, both of us would like to

2   briefly, but I would start out with Mr. Jackson.

3          **THE COURT:**  All right.  Mr. Jackson, you may proceed.

4          **THE DEFENDANT:**  Thank you.

5          **THE COURT:**  And if you'll just -- would you-all just

6   scoot that mike up to Mr. Jackson a little bit?  Perfect.

7          **THE DEFENDANT:**  Thank you, your Honor.

8          First, I'd like to thank the community and my family

9   for coming out today and supporting me.  I want to tell them

10  that I apologize to them for the charges being brought in

11  reference to taxes and ask them to bear with me and pray for

12  me.  And I appreciate you for coming out and I apologize for

13  putting you in this position at this time.

14         To the Court, I'd like to tell you that I accept the

15  responsibility that they have put there under the charges up

16  that -- that was an error that I need to correct and make sure

17  things go better.  And I apologize to the Court and I will make

18  sure things are going right.  And I will accept your sentence

19  in a positive way, your Honor.

20         **THE COURT:**  Thank you, Mr. Jackson.

21         Mr. Heiskell, you may proceed.

22         **MR. HEISKELL:**  Yes, your Honor.  Thank you very much.

23  Your Honor, I -- you have read my sentencing memoranda.  I did

24  receive on yesterday the Government's sentencing memoranda, and

25  I want to make a few comments about that.

1    In my memoranda, I point out Mr. Jackson's various

2 ailments and illnesses that he's suffered over the years

3 including his current diagnosis, not only for the matters the

4 Government referenced, the diabetes, the high blood pressure,

5 the cholesterol matters, but as he stands here today, he has

6 two gunshot wounds or two bullets in his body.  He suffers from

7 coronary disease.  He's had triple bypass surgery, prostate

8 cancer surgery.  He's on a number of medications including one

9 that was just recently prescribed as of three weeks ago,

10 Pristaia (phonetic), for a anxiety depression as a result of

11 Probation having referenced him or referred him to a

12 psychiatrist.

13    So, he's had a number of mental and emotional issues

14 as a result of all these things that have happened within the

15 last year or more, and at his age of 65, I'd point out to the

16 Court that he has a very low chance of recidivism.

17    Now, we get to the agreed upon sentencing range.  The

18 Government points out that because we did agree to the

19 restitution and the Court of course will address that more in-

20 depth.  And Mr. Jackson has made the efforts and in fact has

21 paid full restitution, with the small amount of $489 that I

22 just discovered this morning that we'll take care of today.

23    But be that as it may, he's made every effort to

24 compensate for his wrongs.  He's made every effort from the

25 standpoint of accepting responsibility and being ready to

1   accept a sentence.

2           The Government's argument that well, he should not be

3   entitled to the three-month low range because of these things,

4   but on the other hand, the Government is saying well, he should

5   be entitled to the high range of six months which in this whole

6   scheme of things runs counter to their argument about the

7   three-month range.

8           Well, he's made those efforts.  He has the mitigation

9   matters that I've often referenced not only in the report but

10  also today.

11          And I think in fairness to the community, to him

12  individually, that the three-month range is more than

13  sufficient to punish him for this matter.  Had he been some

14  younger person with a background that shows not only a

15  continuing pattern, we do have those two small misdemeanors

16  from some years ago; they were both resolved on the same day.

17  But for that, his life has been an exemplary one from the

18  standpoint of his service to the community with his law

19  enforcement career, and as many services as a layperson in his

20  many capacities and the jobs as set forth in the sentencing

21  memoranda.

22          We're asking the Court not to impose any sentence

23  beyond that, Judge, for this additional reason.  He'll be

24  sentenced to the -- whatever the Bureau of Prisons facility

25  they designate.  That'll be some more expense, time, resource

1    in trying to deal with his many ailments.  He needs to, we

2    would suggest, be returned as quickly as possible to his

3    doctors here so that he can continue his treatment in his

4    latter stages of his life with these many ailments.

5            So, we're asking the Court, your Honor, to look at

6    the low end here because we think not only do the facts justify

7    it, but that it is warranted based upon the unique -- unique

8    life he's lived and his status today from his mental and

9    physical health.  And we're asking the Court to do that.

10           **THE COURT:**  Thank you.  Mr. Coan, would the

11   Government like to make a statement?

12           **MR. COAN:**  Yes, your Honor, briefly.

13           **MR. HEISKELL:**  And I'm sorry I didn't go to the

14   podium, Judge, as Mr. Coan is there.

15           **THE COURT:**  I could hear you fine.  That's all right.

16           **MR. HEISKELL:**  All right.  Thank you.

17           **MR. COAN:**  Your Honor, this Court is familiar with

18   the case having presided over the plea hearing.  This case

19   illustrates how no person is above the law, not even an

20   individual with 40 years of service as a law enforcement

21   official.

22           Mr. Jackson willfully failed to file tax returns from

23   2010 to 2013.  He's admitted to doing so.  He stands before the

24   Court and has accepted responsibility and has expressed his

25   readiness to accept the Court's sentence.

1          The parties worked together in this case to try to

2   craft a reasonable and just punishment as part of the plea

3   agreement.  That included a range of imprisonment for three to

4   six months as well as full restitution to be paid prior to

5   today which Mr. Jackson has attempted to do and will -- will

6   comply with that term subsequent to today's hearing.

7          But as was pointed out in the Government's submission

8   to the Court and as referenced by Mr. Heiskell, the willingness

9   to make full restitution prior to today as well as the very

10  things highlighted in the Defendant's sentencing memo were

11  taken into consideration as part of the plea discussions.

12  Mr. Jackson's community service.  Mr. Jackson's public service.

13  Mr. Jackson's family situation, his health conditions, and his

14  age.  All those were taken into consideration as part of the

15  plea discussions.

16          And as the Court is aware, the guideline range in

17  this particular matter is 12 to 18 months.  The parties'

18  agreement is significantly below that.  So, he's already

19  looking at a below guideline sentence in this particular

20  matter.

21          And as the Court is aware, the totality of the

22  circumstances are to be considered in this particular

23  situation, and that goes beyond just the four years to which

24  Mr. Jackson has pled guilty.

25          As pointed out in the Presentence Investigation

1   Report, Mr. Jackson has not filed returns since 2004, and it

2   appears that returns have not been filed for tax years 2014 or

3   2015.

4            And so, on this record, the Government would ask that

5   the Court follow the recommendation of the Probation officer

6   and impose a sentence of six months imprisonment.  Such a

7   sentence would serve the objectives of sentencing that is to

8   reflect the seriousness of the offense, to promote respect for

9   the law, to provide just punishment, and to afford adequate

10  deterrence.

11           Thank you, your Honor.

12           **THE COURT:**  Thank you, Mr. Coan.

13           All right.  I appreciate everyone's statements before

14  me today.  Having reviewed the presentence report, and

15  accepting the 11(c)(1)(C) plea agreement, I impose the

16  following sentence.

17           Mr. Jackson, I sentence you to a term of six months

18  of imprisonment on each count to run concurrently, one year of

19  supervised release on each count to run concurrently, and

20  restitution in the amount of $157,489, most if not all of which

21  I -- I know you've already paid, so that point is taken care

22  of; and then a special assessment of $25 per count for a total

23  of $100.

24           Mr. Heiskell, do you all have a request for a

25  particular BOP facility?

1      **MR. HEISKELL:**  Your Honor, we do.  We would request

2  Seagoville which is obviously close in proximity to the family.

3      **THE COURT:**  To facilitate family visitation.

4      **MR. HEISKELL:**  Yes, your Honor.

5      **THE COURT:**  Okay.

6      **MR. HEISKELL:**  And in addition, your Honor, if I may,

7  if this is the appropriate time, we would also request that

8  Mr. Jackson voluntarily surrender to that facility.  He needs a

9  couple of more weeks to take care of some family business.  In

10  addition, he has two grandchildren to be born next Monday.

11      **THE COURT:**  Okay.  I --

12      **MR. HEISKELL:**  So, he wants to do that.

13      **THE COURT:**  -- I was going to get to that at the end,

14  but I am going to allow that, Mr. Heiskell.

15      **MR. HEISKELL:**  Yes.

16      **THE COURT:**  And with regard to the Seagoville

17  designation, Mr. Jackson, I will make that recommendation.  It

18  is ultimately of course up to the Bureau of Prisons on where

19  they place you, but hopefully my recommendation will carry some

20  weight.

21      There -- oh, interest is waived and there is no fine

22  imposed beyond this -- the restitution that we've already gone

23  over.  Any restitution amount that remains unpaid when the

24  Defendant's supervision commences, I expect that will be none,

25  but just in case, is to be paid on a monthly basis of -- at a

1    rate of at least 10 percent of his gross income to be changed

2    during supervision if needed based on his changed circumstances

3    pursuant to 18 United States Code Section 3664(k).

4           If the Defendant receives an inheritance or

5    settlements, gifts, tax refunds, bonuses, lawsuit awards, any

6    other receipt of money, you must within five days of receipt

7    apply a hundred percent of the value of such resources to any

8    restitution still owed.  Again, I don't anticipate you will owe

9    any restitution, but just in case.

10          Within 72 hours of release from the custody of the

11   Bureau of Prisons, after serving his term of imprisonment, the

12   Defendant shall report in person to the Probation office in the

13   district where he is released.

14          While on supervised release, the Defendant shall not

15   commit another federal, state, or local crime, and shall comply

16   with the standard conditions that have been adopted by this

17   Court.

18          In addition, the Defendant must comply with the

19   mandatory and special conditions that have been set forth in

20   the presentence report.  The special conditions include that

21   the Defendant must pay the financial penalty imposed in the

22   judgment.

23          The Defendant must provide the Probation officer with

24   access to any requested financial information for purposes of

25   monitoring fine, restitution payments, and employment.  The

1    Defendant must not incur any new credit charges or open any

2    lines of credit without the approval of the Probation officer

3    unless payment of any financial obligation ordered by the Court

4    has been paid in full.  The Defendant must not participate in

5    any form of gambling unless payment of any financial obligation

6    ordered by the Court has been paid in full.

7         The Defendant must participate in any combination of

8    psychiatric, psychological, or mental health treatment programs

9    and follow the rules and regulations of that program until

10   discharged.  This includes taking any mental health medication

11   as prescribed by a treating physician.  The Probation officer

12   in consultation with the treatment provider will supervise your

13   participation in that program and the Defendant must pay any

14   costs associated with the treatment and testing.

15        We've already touched on this a little bit but,

16   Mr. Jackson, you have complied with the conditions of your

17   release, and so I will permit you to voluntarily surrender.

18        Mr. Jackson, you're hereby advised that even though

19   you've entered a plea of guilty, you have the right to appeal

20   the sentence imposed herein and you have the right to appeal in

21   forma pauperis under the Federal Rules of Civil Procedure.

22        Is there anything further from the Government?

23        **MR. COAN:**  No, your Honor.  Thank you.

24        **THE COURT:**  Anything further from the Defendant?

25        **MR. HEISKELL:**  No, your Honor.  Thank you.

1          **THE COURT:**  All right.  Mr. Jackson, I previously set

2     a $25,000 unsecured bond and conditions of release at the time

3     of your guilty plea.  You will remain on those same bond and

4     conditions pending your Bureau of Prisons report date.  Okay?

5          **THE DEFENDANT:**  Yes, your Honor.

6          **THE COURT:**  All right.  Thank you.

7          **MR. HEISKELL:**  Thank you.

8          **THE COURT:**  We'll be adjourned.

9          **THE MARSHAL:**  All rise.

10     **(This proceeding was adjourned at 2:24 p.m.)**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


_____                    <u>January 4, 2018</u>
         Signed                                        Dated



                    *TONI HUDSON, TRANSCRIBER*